IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00332-REB-CBS

SCOTT HILL, individually;
THE ESTATE OF APRIL HILL, Scott Hill, Personal Representative;
JOHN PAUL, Conservator for the Estate of Hope Paul, a minor;
SCOTT HILL, Conservator for the Estate of Katelyn Hill, a minor; and
GENE CRABTREE, Conservator for the Estate of Dennis Scoggins, a minor,

       Plaintiffs,

v.

WESTERN DOOR, a division of LUMBER PRODUCTS, INC,
a foreign corporation doing business in Colorado, and
CRISTOBAL BONILLA,

       Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND
THE COMPLAINT**

---

Magistrate Judge Craig B. Shaffer

       THIS MATTER comes before the court on Plaintiffs' Motion to Amend the Complaint to Add a Claim for Exemplary Damages and Supplement Their Claim for Negligence Per Se (Document # 27), filed on May 17, 2005. Defendants Western Door and Cristobal Bonilla filed a consolidated Objection in Response on June 9, 2005, while Plaintiffs filed a single Reply to Defendants' Objection on June 24, 2005. This court heard oral argument on the pending motion

1

during a hearing on June 30, 2005. The court has carefully considered the arguments raised in the parties' briefs, as well as during the June 30th hearing, and has reviewed the entire court file and the applicable case law. For the following reasons, the court will grant Plaintiffs' motion and permit the filing of an amended complaint.

The instant action arises out of a collision on July 25, 2002 between an automobile driven by April Hill, deceased, and a tractor-trailer driven by Defendant Bonilla. This collision was precipitated by another vehicle driven by Rhonda Jackman crossing the highway centerline and striking Defendant Bonilla's oncoming truck. Mr. Bonilla's tractor-trailer then collided with Ms. Hill's vehicle. The occupants of the Hill vehicle included Ms. Hill's half brother, Dennis Scoggins, her three year old daughter, Hope Paul, and her one year old daughter, Katelyn Hill. As a result of the crash, April Hill was killed. Dennis Scoggins sustained injuries that left him a paraplegic and confined to a wheelchair. Hope Paul and Katelyn Hill also were seriously injured and Katelyn remains partially paralyzed. Plaintiffs allege that Defendant Bonilla was negligent in operating the tractor-trailer which he was driving in the scope and course of his employment with Defendant Western Door. Plaintiffs contend that Defendant Western Door was negligent in hiring, training and supervising Mr. Bonilla.

Plaintiffs' original Complaint, filed on February 24, 2004, alleged four negligence claims against Defendant Bonilla, a *respondeat superior* claim against Defendant Western Door, a claim for negligence *per se* against Defendant Bonilla based upon alleged violations of United States

Department of Transportation rules and regulations, a claim for negligent hiring, training and supervision against Defendant Western Door, and a claim for wrongful death.

This court held a Fed.R.Civ.P. 16 scheduling conference on June 22, 2004. At that time, the court set a deadline of August 1, 2004 for joinder of parties and amendment of pleadings. The court also set a discovery deadline of April 1, 2005 and a dispositive motion deadline of May 2, 2005. On March 17, 2005, the parties filed a Stipulated Motion to Amend Scheduling Order. In that motion, the parties advised the court that "[d]iscovery on liability was completed before November 1, 2004." However, the parties requested an extension of time until August 1, 2005 to complete discovery directed to damage issues. I granted that motion on April 18, 2005 after a hearing on April 15, 2005.

Plaintiffs' pending motion to amend seeks to add a new claim for exemplary damages and to supplement their existing claim for negligence *per se*. Plaintiffs contend that "recent discovery . . . has revealed evidence of fraud and the willful and wanton conduct of the Defendants Bonilla and [Western Door]." *See* Plaintiffs' Motion to Amend the Complaint, at 5. Specifically, Plaintiffs cite information provided by Defendant Bonilla during his deposition on October 4, 2004 and deposition testimony offered by Mike Richmond, Mr. Bonilla's supervisor at Western Door, on February 23, 2005. The pending motion contends that

> . . . Defendant Cristobal Bonilla willfully and wantonly violated the Federal Motor Carrier Safety regulations by failing to disclose excessive motor vehicle traffic violations, lying to Defendant Western Door about his driving record, lying to Defendant Western Door by certifying that he had read the company safety

>rules and regulations when he did not, and transporting unauthorized passengers.
>
>Defendant Western Door willfully and wantonly violated the Federal Motor Carrier Safety regulations by failing to obtain or maintain Defendant Cristobal Bonilla's application for employment in his Driver Qualification File, failing to investigate Defendant Cristobal Bonilla's driving record during the three years prior to his applying to become a commercial truck driver, failing to verify that Defendant Cristobal Bonilla read and understood the Federal Motor Carrier Safety Regulations, failing to test Defendant Cristobal Bonilla on his knowledge and understanding of the Federal Motor Carrier Safety Regulations, and failing to ascertain whether Defendant Cristobal Bonilla was transporting unauthorized passengers.

*See* Plaintiffs' Motion to Amend the Complaint, at 3.

Defendants argue that Plaintiffs' motion to amend should be denied as untimely under the deadline established in the parties' scheduling order, and that Plaintiffs' proposed claim for punitive damages should be denied as futile. Defendant Western Door insists that its "alleged failure to investigate Mr. Bonilla's driving record and alleged failure to verify whether Mr. Bonilla read and understood FMCSRs did not proximately cause the accident." Western Door insists that "Plaintiffs have not demonstrated the necessary causal link between Western Door's purported negligent hiring and the accident to justify the imposition of punitive damages." *See* Defendants' Objection in Response, at 3.

Plaintiffs' request to amend their Complaint to add exemplary damages in their prayer for relief is easily resolved. As noted in *Ambraziunas v. Bank of Boulder*, 846 F. Supp. 1459, 1466 (D. Colo. 1994), "[a] request for exemplary damages does not constitute a separate and distinct cause of action but a request for relief, auxiliary to an underlying claim for actual damages."

4

While Plaintiffs may not amend their Complaint to add an independent claim for exemplary damages, they will be granted leave to add a request for exemplary damages in their prayer for relief. *Cf. Fernandez v. Bridgestone/Firestone, Inc.,* 105 F. Supp.2d 1194, 1196 (D. Colo. 2000).

The additional relief sought in Plaintiffs' motion to amend requires more extensive discussion. It bears noting that Plaintiffs are not seeking to add an entirely new claim for relief. The original Complaint asserts a negligence *per se* claim based upon Defendant Bonilla's alleged violation of Department of Transportation rules and regulations. The original Complaint specifically alleged regulatory violations resulting from the presence of minor children in Defendant Bonilla tractor-trailer at the time of the accident and Defendant Bonilla's alleged failure to prepare accurate log book entries. *See* Complaint, at ¶¶ 35 and 38. The original Complaint also alludes, without further specificity, to "other Department of Transportation violations committed by Cristobal Bonilla which may have led to this accident." *Id.* at ¶ 39. Plaintiffs also have a pending claim against Defendant Western Door for negligent hiring, training and supervision

The proposed Amended Complaint seeks to add additional factual allegations in support of the existing claims for negligence *per se* and negligent hiring, training and supervision. As to the Seven Claim for Relief (negligence *per se),* Plaintiffs seek to allege that Defendant Bonilla violated Department of Transportation regulations by failing to report motor vehicle violations to Defendant Western Door. Plaintiff's proposed amendment to the Eighth Claim for Relief

5

(negligent hiring, training and supervision) would also allege that Defendant Western Door failed to properly hire and supervise Defendant Bonilla by failing to investigate his driving history prior to his employment with Western Door, by failing to verify that Mr. Bonilla read pertinent federal regulations, and by failing to test Mr. Bonilla on his knowledge and understanding of those regulations.

The court acknowledges the well-settled rule that motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). In considering the "needs of justice," the court must take into consideration the interests of all parties. A motion to amend must be left to the sound discretion of the district court, and must be decided based upon a careful evaluation of multiple factors. *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). *See also Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997). The underlying purpose of Rule 15 is to facilitate a decision on the merits. *Bob Marshall Alliance v. Lujan*, 804 F. Supp. 1292 (D. Mont. 1992).

Here, I find that the proposed amendment is entirely consistent with the basic objective underlying Rule 15 – the determination of cases on their merits. Plaintiffs' proposed amendment arises out of the same set of facts that form the basis for the original allegations. There is no suggestion that Defendants would be surprised by Plaintiff's amplifying factual allegations or that Defendants would require additional discovery in advance of trial. *Cf. WIXT Television, Inc.*

*v. Meredith Corp.*, 506 F. Supp. 1003, 1010 (N.D.N.Y. 1980) (allowing proposed amendment which merely elaborated on plaintiff's original claims; noted that defendant conceded it was familiar with the assertions in the amended complaint and would not be surprised by the additional allegations); *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 727 (N.D. Ga. 1980) (in product liability action, permitted plaintiff to amend her complaint to allege negligence with greater particularity; held that the proposed amendment "serves the salutary function of making the plaintiff's theory of recovery more specific"). Defendants argue that the proposed amendment is futile because Plaintiffs cannot establish a causal relationship between the alleged negligent hiring or supervision and the injuries sustained by Plaintiffs. That matter is best considered in the context of a motion for summary judgment or at trial.

Based upon the present record, I will not deny Plaintiffs' motion as untimely. The court recognizes that "[u]ntimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995). *See also Deghand v. Wal-Mart Stores, Inc.,* 904 F. Supp. 1218 (D. Kan. 1995) (holding that courts may deny leave to amend for untimeliness or undue delay without a showing of prejudice to the opposing party). Plaintiffs' motion is not untimely merely because it was filed almost eleven months after this action was initiated. *Cf. Wyatt v. Bellsouth, Inc.*, 176 F.R.D. 627, 630 (M.D. Ala. 1998) (permitting plaintiff to allege new claim 18 months after complaint filed). I find no evidence in the record to suggest

that Plaintiffs' motion to amend was filed in bad faith or for any improper purpose. During the June 30th hearing, Defendants conceded that the proposed amendments would not necessitate additional discovery or compromise the pending trial date. While not requesting additional time for discovery, Defendants contend that they have been prejudiced to the extent that Plaintiffs moved to amend after passage of the dispositive motion deadline. Recognizing that Rule 15(a) seeks to facilitate a decision on the merits of the litigation, Defendants' perceived prejudice is more properly remedied by extending the deadline for dispositive motions. Defendants are certainly free to seek that relief.

Accordingly, Plaintiffs' Motion to Amend the Complaint to Add a Claim for Exemplary Damages and Supplement Their Claim for Negligence Per Se (Document # 27), filed on May 17, 2005, is GRANTED. Plaintiffs are directed to file, within five calendar days of this Order, an Amended Complaint that complies with the formatting requirements set forth in D.C.COLO.LCivR10.1.

DATED this 13th day of July, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge