**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-0332-REB-CBS

SCOTT HILL, individually,
THE ESTATE OF APRIL HILL, Scott Hill, Personal Representative,
JOHN PAUL, Conservator for the Estate of Hope Paul, a minor,
SCOTT HILL, Conservator for the Estate of Katelyn Hill, a minor,
GARRY SCOGGINS, Co-Conservators for the Estate of Dennis Scoggins, a minor, and
DIANA SCOGGINGS, Co-Conservators for the Estate of Dennis Scoggins, a minor,

       Plaintiffs,

v.

WESTERN DOOR, a division of LUMBER PRODUCTS, INC., a foreign corporation,
doing business in Colorado, and
CRISTOBAL BONILLA,

       Defendants.

---

**ORDER CONCERNING DEFENDANTS' MOTION
FOR BIFURCATION AND SEVERANCE**

---

**Blackburn, J.**

      This matter is before me on the defendants' motion for bifurcation and severance

of the negligent hiring claim [#25], filed May 2, 2005.  I deny the motion.

      Under FED. R. CIV. P. 42(b), I may order a separate trial of any claim to avoid

prejudice, or to further convenience or economy, always preserving inviolate the

parties' Seventh Amendment right to trial by jury.  "The district courts have broad

discretion in deciding whether to sever issues for trial and the exercise of that

discretion will be set aside only if clearly abused."  ***Green Const. Co. v. Kansas***

***Power & Light Co.***, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation

omitted).

This case arises from a fatal accident involving two cars and a large truck. Defendant, Cristobal Bonilla, an employee of defendant, Lumber Products, Inc., was driving the truck.  The plaintiffs assert claims for negligence, respondeat superior, negligence per se, negligent hiring, training and supervision, and wrongful death against Lumber Products and Bonilla.  I have diversity jurisdiction over this case under 28 U.S.C. § 1332.  I have granted the defendants' motion for summary judgment on the negligence per se claim. *See* [#88], November 8, 2005.

The defendants argue that evidence concerning Bonilla's driving record is inadmissible to prove the negligence claim, and may or may not be admissible to prove the negligent hiring, training, and supervision claim.  They argue also that such evidence would be highly prejudicial to the defendants if it is admitted in evidence on any claim in a trial of the negligence claim. The defendants ask me to bifurcate the trial of the negligent hiring, training, and supervision claim to avoid this prejudice.

> The admissibility of evidence in diversity cases in federal court is generally governed by federal law.  Nevertheless, it is well recognized that Congress did not intend the procedural rules to preempt the so-called "substantive" state rules of evidence, such as the parol evidence rule, the collateral source rule, or the statute of frauds.

***Blanke v. Alexander***, 152 F.3d 1224, 1231 (10th Cir. 1998) (citations omitted).

The defendants argue that Colorado law controls the admission of evidence concerning Bonilla's driving record, and that such evidence is inadmissible under §42-4-1713, C.R.S.  That statute provides that, except in circumstances not relevant here, "no record of the conviction of any person for any violation of this article shall be admissible as evidence in any court in any civil action."  Article 4 of title 42 of the

2

Colorado Revised Statutes concerns the regulation of vehicles and traffic.  Section 42-4-1713 does not bar the admission of convictions for motor vehicle offenses under other provisions of law.  On the current record, there is no indication that any of Bonilla's alleged convictions for motor vehicle offenses were for violations under article 4 of title 42, C.R.S.  Given the limited scope of this statute, and assuming it is applicable in this case, nothing in the record demonstrates that Bonilla's driving record is not admissible in support of the plaintiffs' negligence claim under §42-4-1713, C.R.S.

The plaintiffs have argued that Utah law controls this issue.  The defendants disagree, but note that Utah Code Ann. § 41-6-170 (2004) also precludes the admission of convictions for traffic infractions in a civil action.  Like the Colorado statute, § 41-6-170 excludes only records of "conviction of any person for any violation of this act . . . ."  *Id.*  Nothing in the record indicates whether any of Bonilla's convictions at issue here were convictions under the Utah act.  Further, § 41-6-170 has been repealed, effective February 2, 2005.  2005 Utah Laws ch. 2, § 315.

Finally, the defendants argue that Bonilla's driving record is inadmissible to support the negligence claim under the Federal Rules of Evidence.  Specifically, the argue that Bonilla's driving record is not relevant to the negligence claim, Fed. R. Evid. 402, that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, Fed. R. Evid. 403, and that such evidence cannot be used to show that Bonilla acted in conformity with his other wrongs on the day of the accident, Fed. R. Evid. 404(b).  The plaintiffs argue that Bonilla's driving record should be admissible to impeach his credibility at trial.  Absent further development of the evidentiary record, I am unwilling to rule *in limine* on the admissibility, *vel non*, of this

evidence on any of these bases.  Further, when the evidentiary landscape is clear, I

may conclude that a limiting instruction, rather than severance, is sufficient to address

the issues raised by the defendants.

Given the facts and law summarized above, I conclude that the defendants have

not demonstrated a need to sever the trial of the negligent hiring, training, and

supervision claim from the other claims in this case.

**THEREFORE, IT IS ORDERED** that the defendants' motion for bifurcation and

severance of the negligent hiring claim [#25], filed May 2, 2005, is **DENIED**.

Dated November 9, 2005, at Denver, Colorado.

BY THE COURT:


s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge