**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-00332-REB-CBS

SCOTT HILL, individually,
THE ESTATE OF APRIL HILL, Scott Hill, Personal Representative,
JOHN PAUL, Conservator for the Estate of Hope Paul, a minor,
SCOTT HILL, Conservator for the Estate of Katelyn Hill, a minor,
GARRY SCOGGINS, Co-Conservators for the Estate of Dennis Scoggins, a minor, and
DIANA SCOGGINGS, Co-Conservators for the Estate of Dennis Scoggins, a minor,

    Plaintiffs,

v.

WESTERN DOOR, a division of LUMBER PRODUCTS, INC., a foreign corporation, doing business in Colorado, and
CRISTOBAL BONILLA,

    Defendants.

## ORDER CONCERNING PLAINTIFFS' MOTION TO RECONSIDER

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for Reconsideration Concerning Court's Order on Defendants' Motion for Partial Summary Judgment** [#99], filed November 15, 2005. The defendants have filed a response. The motion is denied.

The plaintiffs ask that I reconsider my order [#88], filed November 8, 2005. In that order, I granted the Defendants' Motion for Partial Summary Judgment on Plaintiffs' Negligence Per Se Claim [#26], filed May 2, 2005, and Defendant's Supplemental Motion for Partial Summary Judgment on Plaintiffs' Negligence Per Se Claim [#68], filed August 24, 2005. The plaintiffs' negligence per se claims were based on the plaintiffs'

allegation that the defendants had violated certain Federal Motor Carrier Safety Regulations (FMCSR). The plaintiffs ask that I reconsider my grant of summary judgment on the plaintiffs' claim that the defendants' violation of FMCSR 391.21 and 391.23 supports the plaintiffs' negligence per se claim.

## STANDARD OF REVIEW

The plaintiffs seek relief under FED. R. CIV. P. Rules 59 and 60. A final judgment has not entered in this case, and Rule 59, therefore, is not applicable. *See* **Walker v. United Parcel Service**, 240 F.3d 1268, 1272 (10th Cir. 2001) (Rule 59(e) not applicable when no final judgment in place). Even if Rule 59 were applicable, I would deny the relief requested on the bases outlined below. Rule 60 lists newly discovered evidence as a possible basis for relief from an order, and that is the basis asserted by the plaintiffs. Whether viewed as a motion to alter or amend judgment or a motion to reconsider, however, the same considerations are relevant. **Johnston v. Cigna Corp.,** 789 F. Supp. 1098, 1101 (D. Colo. 1992), *cert. denied*, 514 U.S. 1082 (1995). These limited grounds are 1) an intervening change in the controlling law; 2) new evidence previously unavailable; and 3) the need to correct clear error or prevent manifest injustice. **Servants of the Paraclete**, 204 F.3d at 1012, (citing **Brumark Corp. v. Samson Resources Corp**., 57 F.3d 941, 948 (10th Cir. 1995)). "(A) motion for reconsideration is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." **Servants of the Paraclete**, 204 F.3d at 1012. Such a motion may not be used to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id*., citing **Van Skiver**, 952 F.2d 1243.

## ANALYSIS

In their motion for partial summary judgment and supplemental motion for partial summary judgment, the defendants argued that the plaintiffs had not come forward with any evidence demonstrating a causal link between the alleged violation of FMCSR 391.21 and the plaintiffs' alleged injuries.  In my order granting summary judgment for the defendants on this claim, I concluded that "the plaintiffs have not cited any evidence that indicates that Lumber Products would not have hired Bonilla had Bonilla disclosed his convictions for motor vehicle violations in his application for employment with Lumber Products."  *Order* [#88], filed November 8, 2005, p. 6.  I concluded also that FMCSR 391.23 did not disqualify a driver for failure to comply with Department of Transportation rules, as claimed by the plaintiffs.  This conclusion undermined the plaintiffs' negligence per se claim based on FMCSR 391.23.  Ultimately, I concluded that "(a)bsent some evidence of a causal connection between the alleged violation of FMCSR 391.21 or 391.23 and the plaintiffs' injuries, no reasonable fact finder could find for the plaintiffs" on their negligence per se claims based on FMCSR 391.21 or 391.23.

In their motion to reconsider, the plaintiffs cite deposition testimony from three witnesses.  These witnesses are Larry Wissbaum, Jodi Hebert, and Mike Richmond.  Richmond's deposition was taken on February 23, 2005.  Wissbaum and Hebert's depositions were taken by the plaintiffs on August 31, 2005.  The plaintiffs argue that this deposition testimony demonstrates that there are genuine issues of material fact concerning the causation element of their negligence per se claim.  None of this evidence was cited in the plaintiffs' responses to the defendants' motion for partial summary judgment and supplemental motion for partial summary judgment.  The plaintiffs argue that this testimony is a proper basis for reconsideration because "Ms.

Hebert's and Mr. Wissbaum's depositions were not available to Plaintiffs at the time Plaintiffs filed their response to the Defendant's Motion for Partial Summary Judgment." *Motion to reconsider*, p. 5.  I disagree.

The plaintiffs' response [#41] to the defendants motion for partial summary judgment was filed on June 7, 2005, prior to the Hebert and Wissbaum depositions. The plaintiffs' response [#82] to the defendants' supplemental motion for partial summary judgment was filed September 13, 2005, two weeks after the plaintiff took the depositions of Hebert and Wissbaum.  The supplemental motion for partial summary judgment addressed the negligence per se claim based on FMCSR 391.21 and 391.23. The evidence cited by the plaintiffs in support of their motion for reconsideration was available to the plaintiffs when they filed their response to the defendants' supplemental motion for partial summary judgment, but the plaintiffs did not cite this evidence or the related argument in their response to the supplemental motion for partial summary judgment.

A motion for reconsideration "is not a second opportunity for the losing party to make its strongest case or rehash or expand on arguments that previously failed." **Hammond v. City of Junction City**, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) (citations omitted).  The evidence and argument cited by the plaintiffs in their motion for reconsideration was available to the plaintiffs when they filed their response to the defendants' supplemental motion for partial summary judgment.  They did not cite this evidence in their response.  The plaintiffs have cited no valid basis for their request that they be given a second opportunity to make their strongest case when they could have made that case at the first opportunity.

5

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion for Reconsideration Concerning Court's Order on Defendants' Motion for Partial Summary Judgment** [#99], filed November 15, 2005, is **DENIED**.

Dated May 31, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge