**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-0332-REB-CBS

SCOTT HILL, individually,
THE ESTATE OF APRIL HILL, Scott Hill, Personal Representative,
JOHN PAUL, Conservator for the Estate of Hope Paul, a minor,
SCOTT HILL, Conservator for the Estate of Katelyn Hill, a minor,
GARRY SCOGGINS, Co-Conservators for the Estate of Dennis Scoggins, a minor, and
DIANA SCOGGINGS, Co-Conservators for the Estate of Dennis Scoggins, a minor,

     Plaintiffs,

v.

WESTERN DOOR, a division of LUMBER PRODUCTS, INC., a foreign corporation, doing business in Colorado, and
CRISTOBAL BONILLA,

     Defendants.

## ORDER CONCERNING DEFENDANTS' MOTION
## FOR JUDGMENT AS A MATTER OF LAW

**Blackburn, J.**

This matter is before me on the **Defendants' Motion for Judgment as a Matter of Law that Admission that Employee Acted Within Scope of Employment Precludes Claim for Negligent Hiring, Training, and Supervision** [#129], filed March 1, 2006. The plaintiffs have filed a response and the defendants have filed a reply. The motion is denied.

The defendants bring their motion under FED. R. CIV. P. 50(a)(2). A motion for judgment as a matter of law under FED. R. CIV. P. 50(a)(2) may be granted if the moving party demonstrates that there is no evidence in the record on which a reasonable jury could find for the non-moving party. *See, e.g., **Century 21 Real Estate Corp. v. Meraj***

*Intern. Inv. Corp.*, 315 F.3d 1271, 1278 (10th Cir. 2003).  This standard is essentially the same standard as the standard applicable to motions for summary judgment under FED. R. CIV. P. 56.

This case arises from a fatal accident that occurred on Utah State Route 666 on July 25, 2002.  Route 666 is a two lane highway at the point where the accident happened.  Defendant, Cristobal Bonilla, an employee of defendant, Lumber Products, Inc., was driving eastbound on Route 666 in a 1999 Volvo tractor-trailer.  At mile marker 9 near Monticello, Utah, a 1992 Chevy Lumina, driven by Rhonda Jackman, suddenly crossed the center line and collided with Bonilla's truck.  Jackman was traveling westbound on Route 666.  The three occupants of the Chevy Lumina died at the scene.

Bonilla's truck also collided with a 1999 Dodge Stratus, driven by April Hill.  Hill also was traveling westbound on Route 666 at the time of the accident.  April Hill was pronounced dead at the hospital.  Dennis Scoggins was the right front passenger in the Dodge Stratus and he suffered injuries. Katelyn Hill and Hope Paul both were in car seats in the rear of the Dodge Stratus, and they both suffered injuries.  The plaintiffs are the occupants of the 1999 Dodge Stratus, including the estate of April Hill, and Scott Hill, April Hill's surviving spouse.  They have brought claims for negligence, respondeat superior, negligence per se, negligent hiring, training and supervision, and wrongful death against Lumber Products and Bonilla.

Lumber Products has conceded that it is subject to liability for any negligence by Bonilla based on respondeat superior.  Lumber Products concedes that Bonilla was its employee and he was acting within the scope of his employment when he was driving the truck that was involved in the accident.  In their motion for judgment as a matter of law, the defendants argue that the plaintiffs should not be permitted to pursue their

claim for negligent hiring, training, and supervision, in light of Lumber Product's concession that Lumber Products is subject to respondeat superior liability for any negligence of Bonilla. The plaintiffs cite several cases from other jurisdictions that have so held. **See, e.g., Gant v. L.U. Transport, Inc.**, 331 Ill. App. 3d 924 (2002); **McHaffie v Bunch**, 891 S.W.2d 822 (Mo. 1995). I will refer to the plaintiffs' negligent hiring, training, and supervision claim as their negligent hiring claim.

The rationales underlying the holdings in **Gant** and **McHaffie** are typical of the cases that have precluded the assertion of a negligent hiring claim when an employer concedes that it is subject to liability for an employee's negligence based on respondeat superior. The first rationale is that proof of the two bases for holding an employer liable for an employee's negligence is needlessly duplicative. In many cases, an employer's liability for an employee's negligence is fixed by the amount of the employee's liability for the employee's negligence. **McHaffie**, 891 S.W.2d at 826. The amount of the employer's liability does not vary if the employer is found to be liable under a theory of respondeat superior or under a theory of negligent hiring. In this circumstance, if an employer concedes liability under respondeat superior, then it may be unnecessarily time consuming to prove an alternative theory, negligent hiring, that leads to the same result; employer liability for the employee's negligence. **Id**.; **Gant**, 770 N.E.2d at 929.

A second rationale is that evidence necessary to prove a negligent hiring claim may be prejudicial to the employee-defendant. This case presents a typical example of such a circumstance. In most cases, a plaintiff who seeks to prove that a driver was negligent on a particular occasion will not be permitted to introduce evidence of the driver's previous convictions for driving infractions to prove the driver's negligence. "Permitting evidence of collateral misconduct such as other automobile accidents or

arrests for violation of motor vehicle laws would obscure the basic issue, namely, the negligence of the diver, and would inject into the trial indirectly, that which would otherwise be irrelevant." *Gant*, 770 N.E.2d at 1158 (quotation and citation omitted). In contrast, evidence of the employee-driver's previous driving record often is probative of a claim that an employer was negligent in hiring an employee-driver. In short, evidence that is probative of a negligent hiring claim may well be considered to be prejudicial to the employee-driver with respect to the negligence claim against the employee-driver.

A third rationale is that a jury considering a negligence claim against an employee-driver, and a negligent hiring claim against the driver's employer, might award duplicative damages to the plaintiff, or allocate a grater percentage of fault to the employer than to the employee, in a comparative negligence context. *McHaffie*, 891 S.W.2d at 826; *Gant*, 770 N.E.2d at 1159 - 1160 (discussing *McHaffie*). This rationale presumes that a jury will be confused by the two claims when awarding damages.

The *McHaffie* court, and other courts considering this issue, have noted that the applicability of these rationales may be affected if the plaintiff seeks punitive damages from the employer based on the negligent hiring claim. *McHaffie*, 891 S.W.2d at 826. The plaintiff in this case has asserted a claim for exemplary damages. *Amended complaint*, p. 14. If an employer's negligence in hiring, training, or supervising an employee rises to the proper level, then the employer may be subject to an award of exemplary damages when the employee is not. Such a claim for exemplary damages is not essentially duplicative of the underlying negligence claim against the employee.

In the present case, I find that the controlling law does not require dismissal of the plaintiff's negligent hiring claim against Lumber Products. Further, I conclude that the rationales outlined above do not require the dismissal of the plaintiff's negligent

4

hiring claim. First, because the plaintiffs seek exemplary damages against Lumber Products based on the negligent hiring claim, the liability to which Lumber Products is exposed on that claim is not entirely duplicative of Lumber Products' potential liability under respondeat superior. Second, on the current record, I conclude that proper jury instructions adequately will address the concern that evidence of the employee-driver's driving record will be prejudicial to the employee-driver on the negligence claim against the employee driver. Third, on the current record, I conclude that proper jury instructions adequately will address the concern that a jury might award duplicative damages, or might allocate fault improperly, based on the negligence claims against the employee-driver and against Lumber Products.

**THEREFORE, IT IS ORDERED** that the **Defendants' Motion for Judgment as a Matter of Law that Admission that Employee Acted Within Scope of Employment Precludes Claim for Negligent Hiring, Training, and Supervision** [#129], filed March 1, 2006, is **DENIED**.

Dated June 6, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**