**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-0332-REB-CBS

SCOTT HILL, individually,
THE ESTATE OF APRIL HILL, Scott Hill, Personal Representative,
JOHN PAUL, Conservator for the Estate of Hope Paul, a minor,
SCOTT HILL, Conservator for the Estate of Katelyn Hill, a minor,
GARRY SCOGGINS, Co-Conservators for the Estate of Dennis Scoggins, a minor, and
DIANA SCOGGINGS, Co-Conservators for the Estate of Dennis Scoggins, a minor,

      Plaintiffs,

v.

WESTERN DOOR, a division of LUMBER PRODUCTS, INC., a foreign corporation, doing business in Colorado, and
CRISTOBAL BONILLA,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

**Blackburn, J.**

This matter is before me on the **Defendants' Motion for Reconsideration Concerning Order Denying Motion for Bifurcation and Severance Based on Change in Utah Law** [#133], filed March 31, 2006. The plaintiffs have filed a response and the defendants have filed a reply. The motion is denied.

In a previous order [#90], filed November 9, 2005, I denied the defendants' motion to bifurcate and sever the plaintiffs' claim of negligent hiring, training, and supervision against Lumber Products from the other claims in this case. Citing the adoption of a new rule of evidence in Utah, the defendants ask that I reconsider this order. The defendants are concerned primarily with the unfair prejudice that defendant

Bonilla may suffer if evidence of Bonilla's previous driving record is admitted in proof of the negligent hiring claim.

The new Utah rule of evidence cited by the defendants provides that evidence that a person has been convicted under Title 41 of the Utah Code Annotated of an infraction or class C misdemeanor is "not admissible on the issue of whether the person acted negligently . . . ." Utah R. Evid. 416. Assuming this rule is applicable in this case, the rule does not preclude the admission of such evidence for the purpose of proving the negligence of defendant, Lumber Products.

As I concluded in my November 9, 2005, order, absent further development of the evidentiary record, I am unwilling to rule *in limine* on the admissibility, *vel non*, of this evidence. Further, when the evidentiary landscape is clear, I may conclude that a limiting instruction, rather than severance, is sufficient to address the issues raised by the defendants. The adoption of a new rule of evidence in Utah does not change this calculus.

**THEREFORE, IT IS ORDERED** that the **Defendants' Motion for Reconsideration Concerning Order Denying Motion for Bifurcation and Severance Based on Change in Utah** Law [#133], filed March 31, 2006, is **DENIED**.

Dated June 6, 2006, at Denver, Colorado.

                                            **BY THE COURT:**

                                            **s/ Robert E. Blackburn**
                                            **Robert E. Blackburn**
                                            **United States District Judge**