**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-00332-REB-CBS

SCOTT HILL, individually,
THE ESTATE OF APRIL HILL, Scott Hill, Personal Representative,
JOHN PAUL, Conservator for the Estate of Hope Paul, a minor,
SCOTT HILL, Conservator for the Estate of Katelyn Hill, a minor,
GARRY SCOGGINS, Co-Conservators for the Estate of Dennis Scoggins, a minor, and
DIANA SCOGGINGS, Co-Conservators for the Estate of Dennis Scoggins, a minor,

    Plaintiffs,

v.

WESTERN DOOR, a division of LUMBER PRODUCTS, INC., a foreign corporation, doing business in Colorado, and
CRISTOBAL BONILLA,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE

**Blackburn, J.**

    This matter is before me on the **Plaintiffs' Motion to Strike Defendants' Second Supplemental Expert Disclosure** [#146], filed May 16, 2006. The defendants have filed a response and the plaintiffs have filed a reply. The motion is denied.

    This case is set for trial beginning June 19, 2006. On April 21, 2006, the defendants filed a second supplemental expert disclosure, endorsing Bradford Miller, M.D. as a retained expert. Dr. Miller examined plaintiff, Katelyn Hill, on January 18, 2006. The injuries suffered by Katelyn Hill and her current physical condition are issues in this case. The plaintiffs object to the endorsement of Dr. Miller because it was filed long after the deadline for endorsement of damages experts, which was March 14,

2005.  The plaintiffs argue also that it would be unfairly prejudicial to permit the endorsement of Dr. Miller because there is not sufficient time for the plaintiffs to depose Dr. Miller prior to trial.

Dr. Miller performed an independent medical examination of Katelyn Hill in a separate but related case, ***Estate of April Hill, et al. v. Allstate Insurance***, et al., 04-cv-00865-REB-CBS.  Katelyn Hill was one of the plaintiffs in the ***Allstate*** case.  The plaintiffs knew of Dr. Miller's examination of Katelyn Hill when it occurred, because the plaintiffs were parties in the ***Allstate*** case.  A few days after Dr. Miller provided his report in the Allstate case, however, Allstate was dismissed from the case.  As a result, the plaintiffs say, there was no reason or procedural mechanism for the plaintiffs to depose Dr. Miller in the ***Allstate*** case.  I entered an order dismissing the last set of claims and defenses in the ***Allstate*** case on March 2, 2006.

The defendants in this case, Lumber Products and Cristobal Bonilla, were not parties in the ***Allstate*** case.  The defendants did not learn of the contents of Dr. Miller's report until March 27, 2006, and they filed their endorsement of Dr. Miller in this case on April 26, 2006.  The defendants also obtained an independent medical examination of Katelyn Hill in this case.  That examination was conducted by Dr. Woodcock in May, 2005.  The defendants have endorsed Dr. Woodcock in this case.  Both Dr. Miller and Dr. Woodcock are neurologists.

The defendants' endorsement of Dr. Miller was not timely.  However, I conclude that there is good cause for the untimely endorsement of Dr. Miller.  As noted above, the defendants did not learn of Dr. Miller's examination and report until March 27, 2006, and they filed their endorsement of Dr. Miller a short time later.

The key issue is whether the late endorsement of Dr. Miller will cause the plaintiffs to suffer unfair surprise or unfair prejudice. I conclude that with appropriate procedures any surprise or prejudice can be effectively extenuated if not eliminated altogether. The plaintiffs have been aware of Dr. Miller's examination and report for some time. Even at this late date, it is readily conceivable that one attorney from each side of this case could be present at a deposition of Dr. Miller. To the extent necessary, this court will lend its good offices to make such a deposition workable.

However, even if Dr. Miller is not deposed before trial, I conclude that additional measures sufficiently will mitigate any surprise and prejudice to the plaintiffs. First, given the various examinations of Katelyn Hill's condition that are evident in the record, it is apparent that some basis for a critical examination of Dr. Miller's opinions has been developed. Second, after the presentation of Dr. Miller's testimony on direct examination, the court will permit a brief but adequate recess to allow the plaintiffs to prepare for their cross-examination of Dr. Miller. Third, plaintiffs will have a full and fair opportunity for cross-examination, which, perhaps in his most famous remark, Wigmore described aptly as "beyond any doubt the greatest legal engine ever invented for the discovery of truth." 5 Wigmore, Evidence § 1367 at p. 32 (Chadbourn rev. 1974). Fourth, evidence addressing Dr. Miller's testimony also may be admissible in rebuttal. Neither the issues addressed by Dr. Miller nor the content of Dr. Miller's report comes as a surprise to the plaintiffs. The only arguable surprise here is the plaintiffs' need to address Dr. Miller's opinions in this case. In the context of this case, the measures outlined above will give the plaintiffs a fair and reasonable opportunity to evaluate and address Dr. Miller's opinions at trial.

4

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion to Strike Defendants' Second Supplemental Expert Disclosure** [#146], filed May 16, 2006, is **DENIED**.

Dated June 8, 2006, at Denver, Colorado.

                                                 **BY THE COURT:**

                                                 **s/ Robert E. Blackburn**
                                                 **Robert E. Blackburn**
                                                 **United States District Judge**

Case 1:04-cv-00332-REB-CBS   Document 172   Filed 06/08/06   USDC Colorado   Page 4 of 4